UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | 01 CR 891 |
| | ) | |
| DANIEL FLORES, | ) | Honorable Charles R. Norgle |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

CHARLES R. NORGLE, District Judge

Before the court is a limited remand from the Seventh Circuit Court of Appeals pursuant to United States v. Paladino, 401 F.3d 471 (7th Cir. 2005), directing this court to indicate whether it would have sentenced the Defendant differently, had the Federal Sentencing Guidelines ("Guidelines") been advisory rather than mandatory at the time of sentencing. For the following reasons, the court determines that it would not have sentenced the Defendant differently had the Guidelines been advisory rather than mandatory.

## I. BACKGROUND

Defendant Daniel Flores ("Flores") was involved in a large cocaine distribution conspiracy spanning eighteen months, from the summer of 1997 through 1998. Flores, along with numerous other codefendants, was charged in a fifteen count indictment with conspiracy to possess with intent to distribute mixtures containing cocaine, attempting to possess with intent to distribute mixtures containing cocaine, and possession with intent to distribute mixtures containing in excess of five kilograms of cocaine, in violation of 21 U.S.C. §§ 846 and 841(a)(1). On November 22, 2002, Flores pled guilty to Counts Four and Eight of the indictment.

1

On June 27, 2003, the court sentenced Flores to 175 months imprisonment. In determining Flores' sentence, the court had before it the Presentence Investigation Report prepared by United States Probation Officer Malissa L. Groth. That Report detailed Flores' lengthy criminal history, including two state court convictions for possession of marijuana. The court discussed this Report with counsel at the sentencing hearing. Taking these convictions into account, along with Flores' stipulation that the conspiracy involved at least five kilograms of cocaine, the court set Flores' base offense level at 32. The court increased the offense level by two points because a weapon was involved, but reduced the offense level by three points for acceptance of responsibility. With an offense level of 31, and a criminal history category of VI, Flores faced a range of 188 to 235 months imprisonment under the Guidelines. The court departed downward 13 months from the low end of this range, citing Flores' completion of a drug rehabilitation program, his success in maintaining a steady relationship, and his ability to hold a job between his release from state prison and the filing of the federal charges.

On appeal, the Seventh Circuit, in an unpublished Order, found that the court did not err in determining Flores' offense level or criminal history category. United States v. Rodriguez & Flores, Nos. 03-2523 & 03-2891, slip op. at 3-4 (7th Cir. July 15, 2005). However, the Seventh Circuit granted Flores' request for this limited remand. Id. at 4.

## II. DISCUSSION

### A. Standard for Paladino remand

In 1987, Congress promulgated the United States Sentencing Guidelines, which provided for a set of mandatory sentences for federal crimes. See 18 U.S.C. § 3553. Then, in United States v. Booker, 543 U.S. 220 (2005), the Supreme Court declared these guidelines advisory,

2

rather than mandatory. Defendants sentenced under the pre-Booker mandatory guidelines are now given limited remands to re-evaluate their sentences under the factors contained in 18 U.S.C. § 3553(a). United States v. Welch, 429 F.3d 702, 705 (7th Cir. 2005); see also United States v. Paladino, 401 F.3d 471, 484 (7th Cir. 2005). Under these limited remands, the trial judge is asked "whether he would have given the defendant a shorter sentence had he realized the guidelines are merely advisory." United States v. Goldberg, 406 F.3d 891, 894 (7th Cir. 2005); see United States v. Hankton, 432 F.3d 779, 796 (7th Cir. 2005); United States v. Spano, 421 F.3d 599, 606 (7th Cir. 2005). The district court cannot take into account post-sentencing factors upon this limited remand. See United States v. Re, 419 F.3d 582, 584 (7th Cir. 2005) ("Post-sentencing events or conduct simply are not relevant to [the Paladino] inquiry."). Instead, the sole purpose of a "Paladino remand" is for the district judge to inform the Seventh Circuit "whether [the defendant's] sentence would have been different had the Guidelines been applied as advisory rather than mandatory." United States v. Santiago, 428 F.3d 699, 705-06 (7th Cir. 2005); see Paladino, 401 F.3d at 484.

If the district court judge would have imposed the same sentence had the guidelines been advisory, the Seventh Circuit "will affirm the original sentence against a plain-error challenge, provided that the sentence is reasonable." Re, 419 F.3d at 583. "Any sentence that is properly calculated under the Guidelines is entitled to a rebuttable presumption of reasonableness." Welch, 429 F.3d at 705; see United States v. Johnson, 427 F.3d 423, 426 (7th Cir. 2005) (citing United States v. Bryant, 420 F.3d 652, 658 (7th Cir. 2005)). It is the rare sentence "within the Guidelines range that 'stands out as unreasonable.'" Welch, 429 F.3d at 705 (quoting United States v. Newsom, 428 F.3d 685, 687 (7th Cir. 2005)). Sentences that vary from the guidelines

3

are "reasonable so long as the judge offers appropriate justification under the factors specified in § 3553(a)." Johnson, 427 F.3d at 426.

In the course of the limited Paladino remand, "the district court is to consider the sentencing factors set out in 18 U.S.C. § 3553(a)." Re, 419 F.3d at 583. These factors include, *inter alia*: the nature and circumstances of the offense, the history and characteristics of the defendant, the need to promote respect for the law, the need to provide just punishment for the offense, the need to afford adequate deterrence to criminal conduct, and the need to protect the public from further crimes of the defendant. 18 U.S.C. § 3553(a); United States v. Alburay, 415 F.3d 782, 786 (7th Cir. 2005).

## B. Flores' Sentence

The court notes initially that the Seventh Circuit has not indicated that Flores' Guideline range was incorrectly calculated. In addition, Flores' sentence was below the applicable Guidelines range. The court would have been well within its discretion to sentence Flores to a term of imprisonment of between 188 and 235 months. However, taking into consideration the positive aspects of Flores' personal history, the court departed downward from this range by 13 months. Flores' sentence is therefore presumptively reasonable. See Welch, 429 F.3d at 705; Johnson, 427 F.3d at 426.

In taking a fresh look at the 18 U.S.C. § 3553(a) factors, the court determines that had the Guidelines been advisory rather than mandatory at the time of sentencing, it would not have sentenced Flores differently. Flores was involved an a large conspiracy to distribute cocaine. This conspiracy lasted for more than a year. Flores had a significant criminal history. Taking into account the need to promote respect for the law, the need to provide just punishment for the

offense, the need to afford adequate deterrence to criminal conduct, and the need to protect the public from further crimes of the defendant, see 18 U.S.C. § 3553(a), the court cannot recommend a reduction in Flores' sentence.

### III. CONCLUSION

The Seventh Circuit has ordered this court to determine whether it would reimpose the Defendant's original sentence, in light of the fact that the Guidelines are now advisory rather than mandatory. For the foregoing reasons, the court determines that it would reimpose Flores' original sentence.

ENTER:

CHARLES RONALD NORGLE, Judge
United States District Court

Dated: August 14, 2006